Lawrence T. Lowen (LTL 3011)
2 Executive Drive Ste. 465
Fort Lee, NJ 07024
Tel: (201) 592-1700
Fax: (201) 592-7811
ltlowen@lowen.net

*Attorney for Plaintiffs*
*Alois Rupp and Kirsten Ferrara*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALOIS RUPP and KIRSTEN FERRARA<br><br>Plaintiffs,<br><br>-against-<br><br>JOHN H. KLEIN and CAMBRIDGE THERAPEUTICS TECHNOLOGIES<br><br>Defendants. | Case No.______________<br><br>**COMPLAINT** |

Alois Rupp and Kirsten Ferrara, by their attorney Lawrence T. Lowen, Esq., allege as follows:

## JURISDICTION

1. Plaintiffs Alois Rupp ("Rupp") is a permanent resident of the United States domiciled in the state of Florida, and Kirsten Ferrara ("Ferrara") is a citizen and domiciliary of the State of Florida. Both Rupp and Ferrara reside at 9770 Niblick Lane, Naples, Florida 34108.

2. Defendant John H. Klein ("Klein") is a citizen of the State of New Jersey, residing at 887 Closter Dock Road, Alpine, New Jersey 07620.

3. Defendant Cambridge Therapeutic Technologies ("Cambridge") is, upon information and belief, a limited liability company or a corporation, doing business and principally located at 500 Frank Burr Boulevard, Teaneck, New Jersey 07666.

4. The matter in controversy exceeds $75,000.

5. The basis for jurisdiction in this matter is 28 U.S.C. 1332, as the plaintiffs and defendants are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

PARTIES

6. Rupp and Ferrara are individuals domiciled in Naples, Florida.

7. Klein is an individual residing in Alpine, New Jersey and the CEO of Cambridge, which entity is, upon information and belief, a limited liability company or corporation organized under the laws of the State of Delaware, with its main office for the conduct of business in the state of New Jersey.

FACTS COMMON TO ALL COUNTS

8. On or about November, 2011 Klein solicited an investment of $1 million from Rupp and Ferrara.

9. The purpose of the investment was to acquire a 6% interest in Cambridge, which entity was described by Klein as either a corporation in a "Nondisclosure Agreement" drafted and presented by Klein to plaintiffs for their signatures, or a limited liability company in a "Summary of Financial Terms of an Investment" (the "Summary Document") drafted by Klein and presented to plaintiffs for their signatures.

10. According to Klein, the investment would result in a 6% share of Cambridge profits and losses with regard to two (2) separate drugs in combination, upon information and

belief, identified as Pioglitazone and Glyburide, and Nateglinide and Metformin, for which Cambridge was about to file a New Drug Application ("NDA") to the U.S. Food and Drug Administration (the "FDA").

11. According to the Summary Document, a copy of which is attached as Exhibit "A", funding of plaintiffs investment would occur "upon the execution of CTT Limited Liability Agreement and any related definitive documents".

12. On or about November 8, 2011, plaintiffs wired $1 million to Klein.

13. Plaintiffs were not represented by legal counsel.

14. Defendants were represented by Dechert LLP according to the Summary Document presented by Klein to plaintiffs.

15. No "CTT Limited Liability Agreement" and or ".....any related definitive documents", referred to in the Summary Document, were ever presented to plaintiffs by defendants.

16. The "Summary Document" was executed by defendants and emailed back to Rupp by Klein on or about November 8, 2011.

17. No indicia of ownership in Cambridge or its profits or losses was ever received by plaintiffs from Klein and/or Cambridge, nor was any profit or loss as would otherwise be evidenced by an IRS Form K-1 ever reported to plaintiffs.

18. Klein represented to plaintiffs that either he or Cambridge would seek NDA approval from the Food and Drug Administration for the two products allegedly being developed by Cambridge, which was false and untrue.

19. Upon information and belief, Cambridge was in fact a company solely formed to package and distribute drugs to medical professionals, which drugs were owned and developed by others.

20. Plaintiffs have demanded the return of $1 million, but Klein and Cambridge have failed and refused to do so.

21. Plaintiffs have been damaged as a result of defendants actions.

FIRST CAUSE OF ACTION

(Intentional Fraud)

22. Plaintiffs repeat and reallege each of the allegations set forth in paragraphs 1 through 21 herein as if set forth in full.

23. In November, 2011, Klein falsely and with intent to defraud the plaintiffs represented to the plaintiffs that they would have an interest in Cambridge and would receive 6% of the profits and losses of said company arising from the sale of two drugs, ie Pioglitazone and Glyburide and Nateglinide and Metformin.

24. Klein further represented that Cambridge would file a new drug application (the "NDA") for Pioglitazone and Glyburide, and Nateglinide and Metformin, the profits and/or losses of which would be allocated to plaintiffs in exchange for their investment of $1 million.

25. Such representations were false in fact and known to be false by the defendant at the time they were made, in that in fact no new drug application was made to the FDA by Cambridge, either now or at any time subsequent to such misrepresentations by Klein.

26. Klein has been unjustly enriched by the monies he solicited from plaintiffs.

27. The plaintiffs relied upon the representations to their detriment and were induced by Klein to pay him $1 million.

28. Plaintiffs have received no evidence of ownership in Cambridge, no evidence of profits and losses therein, no evidence that any NDA was ever filed by Cambridge or Klein to the FDA, and no evidence that any funds paid by plaintiffs to Klein were ever paid over to Cambridge.

29. Plaintiffs have demanded the return of $1 million, but defendants have failed and refused to repay the same.

30. By reason of the foregoing premises the plaintiffs have suffered damage in the sum of at least $1 million.

WHEREFORE, plaintiffs demand judgment against the defendants for damages, together with interest, legal fees, costs of suit, and such other relief as to the Court shall be deemed just and proper.

SECOND CAUSE OF ACTION

(Violation of CFA by Defendants (Unconscionable Commercial Practices and Deception))

31. Plaintiffs repeat and reallege each of the allegations set forth in paragraphs 1 through 30 herein as if set forth in full.

32. The purpose of N.J.S. 56:8 – 2, the New Jersey Consumer Fraud Act (the "CFA") is to protect consumers from improper and unconscionable commercial practices by preventing deception, fraud, misrepresentation, false promise and false pretense, whether by acts of commission or omission in connection with the sale of goods, services or real estate.

33. Under the CFA, plaintiffs may recover treble damages, reasonable attorneys fees and costs of suit. The purpose of treble damages is not only to make the victim whole, but also to punish the wrongdoer and deter others from engaging in similar fraudulent practices.

34. A critical difference between a CFA claim and a common-law fraud claim is that the plaintiffs are not required to establish intentional misconduct to recover damages under the CFA.

35. Specifically, the defendants falsely and with intent to defraud the plaintiffs represented to the plaintiffs that defendants would utilize plaintiffs funds, inter alia, to make a new drug application to the FDA for Pioglitazone and Glyburide and Nateglinide and Metformin, and as a result of any such approval, plaintiffs would receive 6% of the profits and losses, when in fact no NDA was ever submitted to the FDA by the defendants for this purpose.

36. Plaintiffs justifiably relied upon the misrepresentations of defendants, and were thereby induced to sign the Summary Document with defendants.

37. Defendants fraudulently and deceptively collected $1 million from the plaintiffs and, upon information and belief defendant Klein deposited such money into his own personal accounts, converting these funds for his own use.

38. Due to the defendants misrepresentations, plaintiffs have suffered damages exceeding $1 million.

39. The statements and misrepresentations made by defendants to plaintiffs, described above, were materially, demonstrably and knowingly false, deceptive, fraudulent and unconscionable.

40. Plaintiffs have been damaged as a direct and proximate result of each of the defendants false and misleading statements to plaintiffs.

WHEREFORE, Plaintiffs demand money damages, plus treble damages; interest; costs; attorneys fees; and such other and further relief as the Court deems just and proper.

## THIRD CAUSE OF ACTION

(Breach of Contract)

41. Plaintiffs repeat and incorporate the preceding paragraphs of the complaint, as though set forth fully herein.

42. Plaintiffs have performed all of their obligations under the agreement, i.e. the payment of $1 million to the defendants.

43. Defendants have breached the contract in that they have failed to submit a new drug application to the FDA for Pioglitazone and Glyburide, and Nateglinide and Metformin, nor have the defendants distributed any profits or losses to plaintiffs from the sale of such drugs, nor have they provided any proof of ownership by plaintiffs in Cambridge.

44. The costs and expenses arising out of defendants breach are recoverable as damages suffered by plaintiffs as a direct and proximate result of defendants willful, negligent and continuing nonperformance.

45. Plaintiffs have suffered damages as result of defendants default, in the sum of $1 million.

WHEREFORE, Plaintiffs demand money damages; interest; costs; attorney's fees; and, such other and further relief as the Court deems just and proper.

## FOURTH CAUSE OF ACTION

(Unjust Enrichment)

46. Plaintiffs repeat and incorporate the preceding paragraphs of the complaint, as though fully set forth herein.

47. Defendants benefited from receipt of plaintiffs' monies.

48. Plaintiffs provided $1 million to defendants for the purpose of receiving 6% of the profits and/or loss of Pioglitazone and Glyburide, and Nateglinide and Metformin, and the ownership of such drugs by Cambridge pursuant to a NDA filed or to be filed by Cambridge.

49. Defendants never filed a new drug application, nor have they provided plaintiffs with any evidence of ownership in Cambridge, or any profits or losses from the sale of the two drugs.

50. Plaintiffs have suffered damages and defendants have been unjustly enriched as a result of defendants failure to utilize the conveyed funds to obtain approval from the FDA of Pioglitazone and Glyburide and Nateglinide and Metformin under the terms of the contract signed with the plaintiffs.

51. As a direct and proximate result of defendants breach of contract and failure to repay the stated amount, the plaintiffs have suffered damages in the sum of $1 million.

WHEREFORE, Plaintiffs demand money damages; interest; costs, attorney's fees; and such other and further relief as the court deems just and proper.

FIFTH CAUSE OF ACTION

(Breach of Good Faith and Fair Dealing)

52. Plaintiffs repeat and incorporate the preceding paragraphs of the complaint, as though set forth fully herein.

53. In every contract there is an implied covenant that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.

54. Defendants have breached the covenant of good faith and fair dealing by refusing to initiate and pursue and fulfill the representations which they made in order to induce the plaintiffs to invest $1 million with them.

55. As a direct and proximate result of the defendants breach of contract and breach of the covenant of good faith and fair dealing, plaintiffs have suffered damages, including attorneys fees and costs of recovery incurred in this action.

WHEREFORE, plaintiffs demand money damages; interest; costs; attorneys fees; and such other and further relief as the Court deems just and proper.

SIXTH CAUSE OF ACTION

(Attorney's Fees and Costs)

56. Plaintiffs repeat and incorporate the preceding paragraphs of the Complaint, as though set forth fully herein.

57. As a direct and proximate result of the defendants conduct herein, the plaintiffs have suffered damages, including the attorney fees and costs of recovery incurred by plaintiffs in this action.

WHEREFORE, plaintiffs demand money damages; interest; costs; attorney fees; and such other and further relief as the Court deems just and proper.

Dated: October 27, 2017

By: ______________________

Lawrence T. Lowen, Esq.
Counsel for Plaintiffs

**CERTIFICATION**

I certify that this pleading was filed as prescribed by the Federal Rules of Civil Procedure.

I further certify that the matter in controversy is, to the best of my knowledge, not the subject of any other action pending in any Court or a pending arbitration proceeding.

Dated: October 27, 2017

Lawrence T. Lowen (LTL3011)
Counsel for Plaintiffs

By: ______________________
Lawrence T. Lowen, Esq.